UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
VALERIE A. THOMPSON,                  )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   Civil Action No. 10-2075 (PLF)
                                      )
HSBC BANK, USA, N.A.,                 )
                                      )
            Defendant.                )
_____)

OPINION

        This matter is before the Court on the motion of defendant, HSBC Bank, USA, N.A., to dismiss the amended complaint of *pro se* plaintiff Valerie A. Thompson under Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will grant HSBC's motion to dismiss.[1]

I. BACKGROUND

        Valerie A. Thompson, proceeding *pro se*, has filed this lawsuit against HSBC Bank USA, N.A. She alleges that HSBC owes her $382,500 plus interest and damages. See Am. Compl. ¶¶ 6, 12. Although the basis of that allegation is not entirely clear from the face of Ms.

---

[1] The papers reviewed in connection with the pending motion include: defendant's notice of removal ("Notice") [Dkt. No. 1], containing as Exhibit A plaintiff's amended verified complaint ("Am. Compl.") [Dkt. No. 1-1]; defendant's motion to dismiss ("Mot.") [Dkt. No. 4]; plaintiff's opposition to defendant's motion to dismiss ("Opp.") [Dkt. No. 5]; and defendant's reply memorandum in further support of its motion to dismiss plaintiff's complaint ("Reply") [Dkt. No. 6].

Thompson's amended complaint, it appears that ultimately this case arises out of a mortgage loan, executed in July of 2005, that Ms. Thompson secured against her residential property.

Ms. Thompson attached to her amended complaint various exhibits, including, among other things, the Note and Deed of Trust on her 2005 residential mortgage loan, with a loan reference number of 691004832.  See Am. Compl., Ex. E, Note at 1, July 19, 2005; Am. Compl., Ex. F, Deed of Trust at 1, July 19, 2005.  As set forth in the Note and Deed of Trust, on July 19, 2005 Ms. Thompson borrowed $382,500 from Option One Mortgage Corporation by a mortgage loan secured against her residential property, located at 4512 13th Street N.W. in the District of Columbia.  See Note at 1-2; Deed of Trust at 1-7.  According to the terms of that loan, Ms. Thompson agreed to repay the $382,500 with interest.  See Note at 1; Deed of Trust at 1.  As HSBC explains, Ms. Thompson's loan with Option One subsequently was securitized and placed into a trust for which HSBC is the trustee.  See Mot. at 2 n.2.

By June 11, 2010, Ms. Thompson allegedly defaulted on her mortgage loan and received a notice of foreclosure sale on her property.  See Am. Compl., Ex. B, Notice of Foreclosure Sale of Real Property or Condominium Unit at 1-2, June 11, 2010.  Two weeks later, on June 24, 2010, Ms. Thompson filed a lawsuit in the Superior Court of the District of Columbia, naming as the defendant the foreclosure trustee who initiated the foreclosure proceedings.  See Dkt. No. 3 at 2-5, Docket of Proceedings in Thompson v. Beirman, Civil Action No. 10-4715 (D.C. Super. Ct.).  On October 15, 2010, that complaint was dismissed with leave to amend, see id. at 3, and on November 12, 2010, Ms. Thompson filed an amended verified complaint against HSBC.  See id. at 2; see also Mot. at 1-2.  On December 7, 2010,

HSBC removed the case to this Court under 28 U.S.C. § 1441.  See Notice at 1-2; see also Mot. at 1-2.

In her amended complaint, Ms. Thompson alleges that on July 19, 2005 she executed a "NOTE SECURED BY DEED OF TRUST," Am. Compl. ¶ 6, and cites a loan reference number of 691004832, id. ¶ 15 — the same loan reference number on the Note and Deed of Trust attached as exhibits to her amended complaint.  See Note at 1; Deed of Trust at 1.  Notwithstanding the text of the Note and Deed of Trust, however, Ms. Thompson alleges that the Note did not in fact represent a loan of money to her.  See Am. Compl. ¶ 6.  Instead, Ms. Thompson alleges that the Note constituted a transfer of $382,500 from Ms. Thompson to HSBC — that is, she alleges that she is the lender and HSBC is the borrower.  See id.

Ms. Thompson alleges that the Note is "an asset-based negotiable instrument" that conferred a monetary benefit upon HSBC.  Am. Compl. ¶ 15.  As Ms. Thompson describes it, she deposited $382,000 with HSBC, id. ¶ 6, and HSBC since has unlawfully taken, retained, and used her Note without ever paying for it.  See id. ¶ 15.  Consequently, in this lawsuit Ms. Thompson seeks to recover the value of her mortgage plus interest and damages from HSBC.  See id. ¶¶ 12, 19, 25.  She makes three claims against the bank in her amended complaint: (1) a claim for "money lent," id. ¶¶ 11-13; (2) a claim for breach of contract, id. ¶¶ 14-20; and (3) a claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.  Am. Compl. ¶¶ 21-26.

Regarding her claim for "money lent," Ms. Thompson makes the following assertion:

> Defendant owes Plaintiff for the Note, i.e., $382,500.00, plus
> interest for the use of Plaintiff's money, plus damages consisting of
> all sums Plaintiff erroneously paid Defendant for Plaintiff's
> lending Defendant Plaintiff's money, plus other compensatory
> damages as the court may decide, plus reasonable attorney's fees.

Am. Compl. ¶ 12.

As for the second claim, Ms. Thompson alleges that HSBC breached its contract with her by "taking, retaining, and using [her] Note, an asset-based negotiable instrument, and never paying for use of [the] Note," which, she contends, was the source of funds for her loan. Id. ¶ 15. She further alleges that she owes HSBC no debt, "since [HSBC] made [her] no loan[.]" Id. ¶ 16.

In her final claim, Ms. Thompson alleges that HSBC violated the TILA because HSBC did not disclose to her that she is "the actual lender" who owes nothing to HSBC, and that HSBC owes Ms. Thompson for its use of her Note. Id. ¶ 23. Because of this alleged violation, Ms. Thompson declares that the "note and mortgage agreements . . . are null and void on the basis of non-disclosure," and she also seeks damages against HSBC for such nondisclosure. Id. ¶¶ 25-26.

HSBC has filed a motion to dismiss Ms. Thompson's amended complaint under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. HSBC argues that Ms. Thompson's amended complaint is so convoluted and unintelligible that it violates Rule 8 and should be dismissed. See Mot. at 3-4. If not dismissed under Rule 8, the bank contends that dismissal of Ms. Thompson's complaint under Rule 12(b)(6) is appropriate because Ms. Thompson fails to state any valid claim. See Mot. at 4-8. Finally, HSBC asserts the affirmative

defense of statute of limitations: the bank argues that even if Ms. Thompson could state a claim for money lent, breach of contract, or violation of TILA, all three claims are time-barred. See id.[2]

## II.  LEGAL STANDARD

### A.  Failure to State a Claim

Ms. Thompson is proceeding *pro se*. The Court therefore "reviews [her] filings under less stringent standards than formal pleadings [or legal briefs] drafted by lawyers." Koch v. Schapiro, 699 F. Supp. 2d 3, 7 (D.D.C. 2010) (quotations omitted) (alteration in original). Although the Court will "read a *pro se* plaintiff's complaint liberally," the *pro se* complaint nevertheless must present a claim on which the Court can grant relief. Chandler v. Roche, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see

---

[2]  In its motion to dismiss, HSBC requests oral argument. See Mot. at 1. The Court has concluded that oral argument would not assist it in resolving the pending motion and therefore, in its discretion, will deny HSBC's request for oral argument. See LOC. CIV. R. 7(f).

In its reply papers HSBC requests that the Court strike Ms. Thompson's opposition since it was untimely filed. The Court declines to strike the opposition and has considered it in ruling on HSBC's motion to dismiss.

also Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).

The Court "must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. at 94; see also Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.  The complaint "is construed liberally in the [plaintiff's] favor , and [the Court should] grant [the plaintiff] the benefit of all inferences that can be derived from the facts alleged."  Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions.  See id. at 1276; Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).  In deciding a motion to dismiss under Rule 12(b)(6), the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the [C]ourt may take judicial notice."  Cole v. Boeing Co., Civil Action No. 11-1494, --- F. Supp. 2d ----, 2012 WL 661967, at *4 (D.D.C. Mar. 1, 2012) (citing Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007)).

*B.  Affirmative Defense of Statute of Limitations*

The affirmative defense of statute of limitations may be raised in a motion to dismiss under Rule 12(b)(6) "when the facts that give rise to the defense are clear from the face of the complaint."  Kiwanuka v. Bakilana, Civil Action No. 10-1336, --- F. Supp. 2d ----, 2012

WL 593065, at *3 (D.D.C. Feb. 24, 20120) (citing Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998)). "Because, however, statute of limitations issues often turn on contested questions of fact, the Court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." Id. (citing Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996)). Therefore, the Court should grant a motion to dismiss on the ground of statute of limitations only if "'no reasonable person could disagree on the date' on which the cause of action accured," id. (quoting Smith v. Brown & Williamson Tobacco Corp., 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998)), and "the complaint on its face is conclusively time-barred[.]'" Turner v. Afro-American Newspaper Co., 572 F. Supp. 2d 71, 72 (D.D.C. 2008) (quoting DePippo v. Chertoff, 453 F. Supp. 2d 30, 33 (D.D.C. 2006)); see Redding v. District of Columbia, Civil Action No. 10-1811, --- F. Supp. 2d ----, 2011 WL 6225222, at *3 (D.D.C. Dec. 15, 2011) (dismissal on statute of limitations grounds appropriate only if complaint on its face is conclusively time-barred); see also Anderson v. U.S. Safe Deposit Co., 552 A.2d 859, 862 (D.C. 1989) (no error in granting motion to dismiss because lawsuit was "plainly barred" by applicable statute of limitation").

### III.  DISCUSSION

Ms. Thompson appears to allege that she obtained a loan from HSBC in July of 2005, see Am. Compl. ¶ 6, and that the loan is invalid because HSBC did not fund the loan with its own money, but rather used her promissory note of $382,500 and lent it back to her in the form of credit. Id. ¶¶ 15-18. She alleges that she is, in effect, the actual lender of the $382,500 and that HSBC is the true recipient of the loan made in 2005. Id. ¶¶ 7-8, 16. Ms. Thompson therefore contends that HSBC owes her for the value of the note — the alleged "money lent," id.

at 2 — plus "interest for the use of [her] money" as well as "damages consisting of all sums [she] erroneously paid" HSBC.  Id. ¶ 12.  She further contends that HSBC breached its contract with her by "using [her] Note, an asset-based negotiable instrument, and never paying for [its] use[.]" Id. ¶ 15.  Finally, Ms. Thompson alleges that HSBC violated the TILA by not disclosing "material facts" about the true nature of her loan.  Id. ¶ 23.

Ms. Thompson's state law claims — claims one and two — are governed by District of Columbia law.  See, e.g., Dennis Joslin Co., LLC v. Robinson Broad. Corp., 977 F. Supp. 491, 494 n.3 (D.D.C. 1997).  Ms. Thompson's third claim, brought under the TILA, is governed by federal law.  The Court concludes that all three of Ms. Thompson's claims must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Consequently, the Court will grant HSBC's motion and will dismiss Ms. Thompson's amended complaint.

### A.  *Money Lent*

Ms. Thompson makes a claim for "money lent."  Am. Compl. at 2.  This type of claim essentially is one of unjust enrichment: "money lent . . . . basically requires proof that [a defendant] has been unjustly enriched at [a plaintiff's] expense by receiving money from him [or her] which in equity and good conscience should be returned."  Barlow v. McLeod, 666 F. Supp. 222, 229 (D.D.C. 1986) (citing Hillyard v. Smither & Mayton, Inc., 76 A.2d 166, 167 (D.C. 1950)).  A claim for money lent "requires proof that [the defendant] is indebted to [the] plaintiff in the amount claimed."  Id. (citing Ellis v. Ware, 102 A.2d 756 (D.C. 1954)); see also News World Commc'ns, Inc. v. Thompsen, 878 A.2d 1218, 1222 (D.C. 2005) ("Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant

retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust.").

> In support of her claim for money lent, Ms. Thompson alleges that
>
> Defendant owes Plaintiff for the Note, i.e., $382,500.00, plus interest for the use of Plaintiff's money, plus damages consisting of all sums Plaintiff erroneously paid Defendant for Plaintiff's lending Defendant Plaintiff's money, plus other compensatory damages as the court may decide, plus reasonable attorneys' fees.

Am. Compl. ¶ 12. Although the Court must "accept as true all of the factual allegations contained in the complaint," Erikson v. Pardus, 551 U.S. at 94; see also Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, the allegation that HSBC somehow owes Ms. Thompson for the mortgage note is expressly contradicted by the Note and Deed of Trust themselves — which Ms. Thompson referenced in her amended complaint and attached as Exhibits E and F to her amended complaint. As set forth in the Note and Deed of Trust, Ms. Thompson promised to pay $382,500 to the lender, Option One, in return for the loan that she received. Note at 1; Deed of Trust at 1. The Court therefore agrees with HSBC that Ms. Thompson's factual assertion that HSBC somehow is indebted to her — an element of a claim for money lent, see Barlow v. McLeod, 666 F. Supp. at 229 — is directly contradicted by her own complaint and cannot be accepted as true in this case. See Kowal v. MCI Commc'ns Corp., 16 F.3d at 1276. Ms. Thompson's claim for money lent therefore must be dismissed.[3]

---

[3] HSBC also argues that Ms. Thompson's claim for money lent is "almost certainly barred by the three-year statute of limitations for such actions." Mot. at 5. The Court need not reach this argument.

*B.  Breach of Contract*

Ms. Thompson makes a claim for breach of contract.  See Am. Compl. ¶¶ 14-20. Under District of Columbia law, a claim for breach of contract includes four elements: "'(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach.'"  Ihebereme v. Capital One, N.A., 730 F. Supp. 2d 40, 47 (D.D.C. 2010) (quoting Tsintolas Realty Co. v. Mendez, 984 A.2d 181, 187 (D.C. 2009)).  A plaintiff bears the burden of alleging all four elements of such a claim.  See Banze v. American Int'l Exps., Inc., 454 A.2d 816, 817 (D.C. 1983).

"Obviously, one cannot breach a contract without breaching a particular obligation created under the contract, and thus, 'in the absence of a contractual obligation . . . [a] defendant could not have breached [a] contract.'"  Ihebereme v. Capital One, N.A., 730 F. Supp. 2d at 47 (quoting Schoen v. Consumers United Group, Inc., 760 F. Supp. 367, 378 (D.D.C. 1986)).  In order for a valid contract to exist, there must be both (1) an agreement between the parties as to all material terms; and (2) the intention of the parties to be bound.  Georgetown Entm't Corp. v. District of Columbia, 496 A.2d 587, 590 (D.C. 1985)).

Ms. Thompson alleges that her breach of contract claim arises from "Defendant" — presumably, HSBC — "taking, retaining, and using Plaintiff's Note, an asset-based negotiable instrument, and never paying for use of Plaintiff's Note."  Am. Compl. ¶ 15.  As HSBC points out, however, Ms. Thompson cites the loan reference number 691004832 in support of her allegation that a contract existed, and that loan number matches the loan number on the Note and Deed of Trust attached to her amended complaint.  See Mot. at 5-6; see also Am. Compl. ¶ 15; Note at 1; Deed of Trust at 1.  As the Note and Deed of Trust clearly show, Ms. Thompson

borrowed $382,000 *from Option One* in a mortgage loan.  Ms. Thompson neither makes any factual allegation, nor sets forth any explanation regarding how HSBC, as trustee of the loan, breached a mortgage contract between Ms. Thompson and Option One.  Consequently, since Ms. Thompson has failed to allege sufficient factual matter that would support the existence of a valid contract *with HSBC*, Ms. Thompson's breach of contract claim must be dismissed.[4]

### C.  Truth in Lending Act

Ms. Thompson alleges that HSBC has violated the TILA.  See Am. Compl. ¶¶ 21-29.  As she describes it:

> The [TILA], 12 CFR 226.17(c)(1), requires good faith and full disclosure in all retail contracts; neither the text of Note, nor the text of the mortgage disclosure, nor the text in the deed of trust, nor the text of any other document provided by Defendant re Alleged Loan, discloses the material facts that 1) the actual lender re Alleged Loan is Plaintiff, i.e., the source of the funds used for funding Alleged Loan consists of Plaintiff's Note; 2) Defendant lent Plaintiff nothing of Defendant's, i.e., no valuable consideration sufficient for supporting a simple contract; 3) Plaintiff owes Defendant no debt re Alleged Loan; and 4) Defendant owes Plaintiff for Plaintiff's deposit of 382,500.00 and interest for Defendant's use of Note.

Am. Compl. ¶ 23.

"In passing TILA, Congress sought to ensure the accurate and meaningful disclosure of material terms to consumers in credit transactions."  Solomon v. Falcone, 791 F. Supp. 2d 184, 188 (D.D.C. 2011) (citing 15 U.S.C. § 1601).  Under TILA a creditor must disclose

---

[4] HSBC also argues that Ms. Thompson's breach of contract claim is barred by the three-year statute of limitations applicable to such claims.  See Mot. at 6.  The Court need not reach this argument.

> the annual percentage rate, the method of determining the finance
> charge and the balance upon which a finance charge will be
> imposed, the amount of the finance charge, the amount to be
> financed, the total payments, the number and amount of payments
> [and] the due dates or periods of payments scheduled to repay the
> indebtedness[.]

15 U.S.C. § 1602(v); see Solomon v. Falcone, 791 F. Supp. 2d at 188. These disclosures must be made "clearly and conspicuously in writing, in a form the consumer may keep." 12 C.F.R. § 226.17(a)(1). Lenders "also must provide two copies of a notice of the borrower's right to rescind the transaction within three business days after a transaction has been consummated." Solomon v. Falcone, 791 F. Supp. 2d at 189 (citing 15 U.S.C. § 1635(a)).

To state a claim under TILA, a "plaintiff must show either that she did not receive the required disclosures or that the disclosures provided were not clear and conspicuous." Solomon v. Falcone, 791 F. Supp. 2d at 189 (citing 15 U.S.C. §§ 1631-32). "TILA allows borrowers to bring two types of claims: (1) claims for statutory damages under section 1640 and (2) claims for rescission of a transaction under section 1635." Id. "'Affirmative actions [for damages] under TILA are generally required to be brought within one year of the violation . . . and actions for rescission must be brought within three days after consummation of the transaction, or in the event the relevant disclosures were never made, within three years after consummation.'" George v. Bank of Am., N.A., Civil Action No. 10-1359, --- F. Supp. 2d ----, 2011 WL 5304054, at *2 (D.D.C. Oct. 31, 2011) (quoting In re Dawson, 411 B.R. 1, 19-20 (Bankr. D.D.C. Apr. 9, 2008)); see Hancock v. HomEq Servicing Corp., Civil Action No. 05-0307, 2007 WL 1238746, at *12 (D.D.C. Apr. 27, 2007).

Although Ms. Thompson asserts that she is entitled to damages and rescission under TILA, see Am. Compl. ¶ 25, she has failed to allege what disclosures *required by TILA* she did not receive. Compare Am. Compl. ¶ 23 (alleging that mortgage loan, Note, and Deed of Trust failed to disclose that "1) the actual lender re Alleged Loan is Plaintiff, i.e., the source of the funds used for funding Alleged Loan consists of Plaintiff's Note; 2) Defendant lent Plaintiff nothing of Defendant's, i.e., no valuable consideration sufficient for supporting a simple contract; 3) Plaintiff owes Defendant no debt re Alleged Loan; and 4) Defendant owes Plaintiff for Plaintiff's deposit of 382,500.00 and interest for Defendant's use of Note"), with 15 U.S.C. § 1602(v) (creditor must disclose "the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total payments, the number and amount of payments, [and] the due dates or periods of payments scheduled to repay the indebtedness").

Moreover, Ms. Thompson's TILA claim — whether for damages or for rescission — conclusively is time-barred. Ms. Thompson's amended complaint and attached exhibits expressly acknowledge that the loan agreement was signed on July 19, 2005. See Am. Compl. ¶ 6 ("On the date 7/19/05, Plaintiff deposited 382,000.00 with Defendant[.]"); see Note at 1-3 (executed on July 19, 2005); Deed of Trust at 7 (executed on July 19, 2005). Therefore, even assuming that Option One, and somehow, by extension, HSBC, failed to make required disclosures, Ms. Thompson was required to bring her TILA claim, at the latest, within three years after the consummation of the loan agreement — that is, by July 19, 2008. See George v. Bank of Am., 2011 WL 5304054, at *2; Hancock v. HomEq Servicing Corp., 2007 WL 1238746,

at *12.  Because Ms. Thompson did not bring her TILA claim until 2010, the Court concludes that it is conclusively time-barred.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant HSBC's motion to dismiss Ms. Thompson's amended complaint [Dkt. No. 4].  An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 27, 2012